THE STATE OF KANSAS, *ex rel. J. T. Herrick, as County Attorney, etc.,* v. HENRY H. NELSON *et al.*

No. 15,918. (96 Pac. 662.)

CONSTITUTIONAL LAW—*Special Act—General Law Applicable.*
An act disorganizing and consolidating certain school districts held invalid, the act being special and the subject being one to which a general law could be made applicable.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed June 6, 1908. Reversed.

*J. T. Herrick,* for The State; *Ed T. Hackney,* of counsel.

*Lawrence & Ferguson,* for defendants in error.

*Per Curiam:* The state of Kansas, on the relation of the county attorney of Sumner county, brought an action of *quo warranto* against Henry H. Nelson, L. J. Howerton, and Robert Downing, who claimed to be the clerk, treasurer, and director, respectively, of school district No. 114 in Sumner county, to oust them from the exercise of the powers, duties and functions of the board of directors of the school district named and to determine the validity of the corporate organization of such district.

The petition alleged that the defendants assumed to hold their respective offices and to exercise the functions pertaining thereto under and by virtue of chapter 370 of the Laws of 1907, entitled "An act disorganizing school districts Nos. 114 and 170, in Sumner county, Kansas, as now organized, and organizing and creating a school district of the territory which now constitutes said districts Nos. 114 and 170, and which district shall be known as district No. 114."

The defendants answered that district No. 114, created by the act referred to, was a lawful corporation created by law, acting and doing business as such; that they were first appointed to office by the county superintendent of Sumner county as the act provided; and that afterward they were lawfully elected to their respective offices, had duly qualified, and were acting officers of school district No. 114. Other facts were pleaded, which, however, constituted no defense to the action if the law under which they claimed official power is void.

On the trial the state introduced in evidence the act referred to, and rested. The defendants then made an offer to prove the immaterial facts stated in their answer, which offer was rejected, and the court found

for the defendants on the ground that the act under which they claimed to hold office is a constitutional and valid act of the legislature of the state of Kansas. The state prosecutes error, claiming that the act is special and that a general law could have been made applicable to the subject.

Although it did so, it was not necessary that the state should allege in its petition that the act was void, and the introduction in evidence of the act itself amounted to nothing. Nor was it necessary for the state to plead and prove the conditions existing in the territory affected or in other school districts in the state in order to question the constitutionality of the act on the ground that a general law could have been made applicable. The rules by which the courts will determine the question if a general law might have been made applicable to the subject of a special act. are stated in the case of *Anderson v. Cloud County,* 77 Kan. 721, 95 Pac. 583, and in the case of *The State v. Nation, ante,* p. 394. Under the decisions just cited, and the decisions in *Gardner v. The State,* 77 Kan. 742, 95 Pac. 588, and *Deng v. Scott County,* 77 Kan. 863, 95 Pac. 592, the act assailed is void.

The judgment is reversed, and the cause is remanded with direction to enter judgment for the state on the pleadings in the cause.